UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| ALOYSIUS DREAMING BEAR, | ) | CIV. 10-5030-JLV |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANTS' MOTION TO |
| | ) | DISMISS |
| BERLINE FLEMING, | ) | |
| BONNIE ANDERSON, | ) | |
| JOHN COPE, | ) | |
| LANCE TLUSTOS, | ) | |
| LISA LOCKHART, and | ) | |
| LAWRENCE JASKE, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Pending before the court is defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Docket 27). For the reasons set forth below, the court denies the motion.

## PROCEDURAL HISTORY

The following recitation includes only those facts necessary to resolve defendants' pending motion. The court incorporates by reference the more detailed factual and procedural history set forth in its previous order dated May 18, 2010. (Docket 25).

On May 3, 2010, plaintiff Aloysius Dreaming Bear, a Lakota student and graduating senior at Oelrichs High School, brought suit against the members of the school board and the superintendent of the school district. (Docket 1). Mr. Dreaming Bear alleged defendants violated his right to free speech under

the First Amendment by requiring him to wear a cap and gown over his traditional Lakota clothing at the 2010 graduation proceedings. Id. at ¶ 9. Mr. Dreaming Bear sought a preliminary and permanent injunction enjoining defendants from imposing the cap and gown policy on him and other Lakota students at the 2010 and all future graduation events. Id. at p. 3. Mr. Dreaming Bear also sought an award of nominal damages and the costs of the action, including reasonable attorney's fees. Id. After filing the complaint, Mr. Dreaming Bear filed a motion for preliminary and permanent injunction and supporting memorandum. (Dockets 5 & 6).

On May 11, 2010, defendants filed a memorandum in opposition to Mr. Dreaming Bear's motion for injunctive relief. (Docket 21). The court held a hearing[1] on this matter on May 13, 2010. On May 18, 2010, the court entered an order denying Mr. Dreaming Bear's motion for injunctive relief and dismissing the complaint. (Docket 25). In a separate filing, the court entered judgment in favor of defendants. (Docket 26). Defendants now move under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. (Docket 27). Defendants filed the motion in

---

[1]Under Rule 65.1 of the Local Rules of Civil Practice for the District of South Dakota, the hearing constituted a trial on the merits of Mr. Dreaming Bear's motion for injunctive relief. Local Rule 65.1, which governs motions for preliminary and permanent injunction, states as follows:

> In all cases wherein a party seeks both a preliminary and permanent injunction, the matters shall be deemed consolidated for trial unless otherwise specifically ordered by the court.

D.S.D. Civ. LR 65.1.

order "to conform to the record established in this case[.]" Id. Mr. Dreaming Bear resists defendants' motion, arguing, in pertinent part, the motion is untimely. (Docket 30). The court agrees defendants' motion is untimely.

## DISCUSSION

Fed. R. Civ. P. 12(b) governs the presentation of legal defenses to claims for relief. Generally, a party asserting a defense must do so in the responsive pleading if one is required. Fed. R. Civ. P. 12(b). However, a party may assert certain enumerated defenses by motion. Relevant to this discussion is the defense of failure to state a claim upon which relief can be granted, more commonly known as a Rule 12(b)(6) motion. A motion asserting a Rule 12(b)(6) defense "must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert *at trial* any defense to that claim." Id. (emphasis added).

If a party fails to file a timely Rule 12(b)(6) motion, the party may still raise through other mechanisms the defense of failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(h) governs the waiver or preservation of the enumerated Rule 12(b) defenses. Subsection (2), which governs the defense of failure to state a claim upon which relief can be granted, provides as follows:

> (2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
> (A) in any pleading allowed or ordered under Rule 7(a);
> (B) by a motion under Rule 12(c); or
> (C) at trial.

Fed. R. Civ. P. 12(h)(2).

Defendants did not file a pleading under Rule 7(a)[2] or a Rule 12(c) motion.[3] Nor did defendants raise the 12(b)(6) defense at the hearing held in this case or at any time before the court entered final judgment. The court is unaware of any authority that would permit defendants, after the conclusion of the case, to raise the defense. Other courts interpreting Rule 12(h)(2) have held a party waives the defense if raised for the first time after trial on the merits. Eberhardt v. Integrated Design & Const., Inc., 167 F.3d 861, 870-71 (4th Cir. 1999) (collecting cases from other circuits). The court held a trial on the merits of Mr. Dreaming Bear's claims. Defendants never raised, either orally at the trial or through pleading or motion filed before final judgment, the defense of failure to state a claim upon which relief can be granted.

Defendants argue Fed. R. Civ. P. 15(b) allows a party to amend the pleadings to conform to the record even after judgment, citing in support S.K.A. Steel Trading, Inc. v. Penn Terminals, Inc., No. Civ.A. 96-CV-4687, 1998 WL 964195 at *1 (E.D. Pa. Dec. 3, 1998). (Docket 30 at p. 1). However, the court in S.K.A. Steel Trading, Inc., noted Rule 15(b) allowed post-trial amendments to a pleading to include *affirmative defenses* so as to conform to the evidence presented at trial. Id. The court found Rule 15(b) allowed a defendant who

---

[2]Pleadings allowed pursuant to Rule 7(a) consist of a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if ordered by the court, a reply to an answer. Fed. R. Civ. P. 7(a).

[3]A party may file a Rule 12(c) motion, otherwise known as a motion for judgment on the pleadings, after the pleadings are closed, but "early enough not to delay trial[.]" Fed. R. Civ. P. 12(c).

4

had not pled an affirmative defense to still rely upon the defense if evidence is presented at trial.  Id.  Clearly, S.K.A. Steel Trading, Inc., is factually distinguishable from Mr. Dreaming Bear's case and does not support defendants' position.

The court cannot see how Rule 15(b) applies to this case.  Rule 15(b)(1) allows a party, upon leave of the court, to amend the pleadings when, at trial, an objection is raised to the introduction of evidence not within the scope of the pleadings.  Obviously, subsection (1) does not apply to Mr. Dreaming Bear's case.  Defendants most likely are relying on Rule 15(b)(2), which states:

> (2) *For Issues Tried by Consent.*  When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings.  A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.  But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2).

The court has found no authority that allows a party recourse to Rule 15(b)(2) to preserve an untimely Rule 12(b)(6) motion.  The issue of whether Mr. Dreaming Bear failed to state a claim upon which relief can be granted was never raised nor tried before the court.  The court considered Mr. Dreaming Bear's case within the context of the law governing injunctive relief. (Docket 25 at p. 9).  The standard governing the issuance of a preliminary injunction, as set forth in Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*), is far different from the Rule 12(b)(6) standard.  In determining whether to grant a preliminary injunction, the court considered, among other factors, Mr. Dreaming Bear's *probability* of success on the merits

5

of his claim.[4] (Docket 25 at pp. 9-10). However, a Rule 12(b)(6) standard is one of plausibility, not probability. The United States Supreme Court recently clarified this distinction:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (applying to all civil cases the "plausibility standard" articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

It is clear the court never considered Mr. Dreaming Bear's claim under the standard now proposed by defendants. Therefore, defendants cannot rely on Rule 15(b) to preserve their untimely Rule 12(b)(6) motion.

---

[4] Because the court declined to issue a preliminary injunction, it necessarily declined to issue a permanent injunction. (Docket 25 at p. 36). As previously noted, the standard for the issuance of a permanent injunction is the same as that for a preliminary injunction except the movant must show actual success on the merits. Oglala Sioux Tribe v. C & W Enterprises, Inc., 542 F.3d 224, 229 (8th Cir. 2008).

**CONCLUSION**

In accordance with the above discussion, it is hereby

ORDERED that defendants' motion to dismiss (Docket 27) is denied.

Dated June 4, 2010.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE